UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JOSEPH,<br><br>        Petitioner,<br><br>   v.<br><br>RICK HILL,<br><br>        Respondent. | Case No. 21-cv-06745-WHO (PR)<br><br>**ORDER DENYING SECOND MOTION FOR RECONSIDERATION**<br><br>Dkt. No. 30 |

Petitioner James Joseph has filed a second motion for reconsideration under Rule 60(b)(6) in which he again asks me to vacate the judgment in this habeas action and re-enter it so that he can file a timely Notice of Appeal. (Dkt. No. 30.) He also asks for the appointment of counsel. (*Id.*)

Under extraordinary circumstances, a district court has the authority under Rule 60(b)(6) to reenter judgment for purposes of restoring the right to appeal. *Washington v. Ryan*, 833 F.3d 1087, 1099 (9th Cir. 2016). In *Washington*, there were extraordinary circumstances: the petitioner was challenging his death sentence; he missed the filing deadline by one day; and a court error "prevented Washington from seeking an extension of time expressly allowed by the Rules." *Id.* at 1089. Washington's case "is in the narrow band of cases for which relief from judgment is appropriate." *Id.* at 1091.

Joseph's case does not fall within that narrow band. His prior motion for reconsideration was denied; the circumstances he presented were nothing like the extraordinary circumstances in *Washington*. His allegations of a lack of access were conclusory in that he provided no dates or any other details of his attempts to go to the law

library. (Dkt. No. 29 at 3.) His second motion still relies on conclusory allegations, specifically that "access was sporadic at best" and that he had to rely on the "ducat" system. (Dkt. No. 30 at 1.) Such a conclusory explanation for his two-month delay in filing a Notice of Appeal does not meet the extraordinary circumstances standard demanded by Rule 60(b). His motion for reconsideration is DENIED. Consequently, his motion for the appointment of counsel also is DENIED.

<u>I will not entertain any further motions for reconsideration (or any motion asking me to restore Jospeh's right to appeal or for the appointment of counsel) unless asked to do so by the Ninth Circuit Court of Appeals</u>. The appellate court has determined that the Notice of Appeal is untimely and has ordered Joseph to show cause why his appeal should not be dismissed:

> Within 21 days after this order, appellant must move for voluntary dismissal of this request for a certificate of appealability or show cause why it should not be dismissed for lack of jurisdiction because the notice of appeal was not timely filed. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A), (c). If appellant elects to show cause, a response may be filed within 10 days after service of appellant's memorandum.
>
> If appellant does not comply with this order, the Clerk will dismiss this request for a certificate of appealability pursuant to Ninth Circuit Rule 42-1.

(*Joseph v. Hill*, Court of Appeals Case No. 23-3133, Dkt. No. 5.)

The Clerk shall terminate all pending motions and send a copy of this Order to the Ninth Circuit Court of Appeals.

**IT IS SO ORDERED.**

**Dated:** February 7, 2024


WILLIAM H. ORRICK
United States District Judge

2